2431. ASHLEY *v.* REYNOLDS.

HILL, C. J. An affidavit of illegality was filed to the levy of an execution, and the case was duly returned to the court from which the execution issued. When the case was called in its order for trial, the plaintiff in execution and his attorney were voluntarily absent without leave. The affiant made no motion to dismiss the levy, but asked to submit to the jury the evidence in support of the affidavit of illegality, he having made a timely demand for trial by a jury. The court allowed him to do so, and, at the conclusion of the evidence, directed a verdict sus-

taining the affidavit of illegality. Subsequently, during the same term of the court, the attorney for the plaintiff in execution made a written motion to have the verdict and judgment so rendered vacated and set aside, and the trial judge, without notice or service of this motion, passed an order setting aside the verdict and judgment. *Held,* that this was error. If for any reason the judgment rendered on the verdict sustaining the affidavit of illegality was erroneous, it could have been set aside and vacated only on a regular motion for a new trial, filed and served, and heard by the trial judge. Irrespective of the merits of the affidavit of illegality, the verdict sustaining it was final and conclusive, until set aside by legal motion for a new trial. The judge was not authorized summarily to set the verdict aside and vacate the judgment duly entered thereon.          *Judgment reversed.*

Decided July 19, 1910.

Motion to set aside judgment; from city court of Floyd county —Judge Hamilton. September 14, 1910.

*Sharp & Sharp, Hugh Reed, W. M. Henry,* for plaintiff in error.
*M. B. Eubanks,* contra.